IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO.74,864






EX PARTE ANDREW MICHAEL MABRY, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL

FROM DENTON COUNTY






Keller, P.J., filed a concurring and dissenting opinion in which HERVEY, J., joined.


CONCURRING AND DISSENTING OPINION



 I concur in the Court's opinion regarding the issue of applicant's eligibility for mandatory
supervision, and I agree that applicant is entitled to some "street time" credit on his sentence, but, for the
reasons given in my dissent in Ex parte Spann, (1) I disagree as to the amount of time credit. This opinion
is just the first indication of the enormous impact of the Court's erroneous interpretation of the time credit
statute in Spann. The Spann opinion will affect every mandatory-supervision eligible prisoner who is
entitled to street time credit. We are just now seeing the tip of the iceberg, as more and more prisoners
will receive far more time credit than the Legislature intended to give them. 

 In this case, for example, applicant receives over two years more time credit than he should. 
Instead of awarding applicant the 911 days that the Legislature intended to give him, the Court, under
Spann, awards him the full 1707 days spent on the street - a difference of 796 days. (2) 

 I respectfully dissent to the amount of time awarded.

 KELLER, Presiding Judge

Date filed: June 9, 2004

Publish
1. 2004 Tex. Crim. App. LEXIS 666 at *16-*44 (April 21, 2004)(Keller, P.J., dissenting).
2. Applicant should earn two days for every day served on the street past the midpoint. (3)
3. Id. at *34. 
 
 ----- 
 
 
 " " " "